UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA F. JONES-VANCE, | ) | Case No.: 1:19 CV 1948 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant | ) | ORDER |

The Commissioner of Social Security Administration (the "Commissioner") denied disability benefits and supplemental security income to Plaintiff Brenda F. Jones-Vance ("Plaintiff" or "Jones-Vance") in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge Jonathan D. Greenberg (the "Magistrate Judge" or "Judge Greenberg") for preparation of a Report and Recommendation ("R & R"). Both parties submitted briefs on the merits. Plaintiff requested an order vacating the Commissioner's decision and ordering payment of benefits on the grounds that the Administrative Law Judge's ("ALJ") decision was not supported by substantial evidence, or alternatively, vacating and remanding the case for further proceedings. (Pl.'s Br., ECF No. 13.) The Commissioner sought final judgment upholding the decision below. (Def.'s Br., ECF No. 15.)

Judge Greenberg submitted a R & R (ECF No. 17) on April 24, 2020, recommending that the court affirm the Commissioner's decision. Specifically, the Magistrate Judge found that the ALJ cited substantial evidence supporting his decision to give "little weight" to the opinions of Jones-Vance's treating physician, Dr. Bratenau. (R & R at PageID #758, ECF No. 17.) In assessing Dr. Bratenau's opinion, the ALJ provided:

> As for the opinion evidence, Andrei Bratenau, M.D. completed a medical source statement on the claimant's behalf on May 16, 2018. First, Dr. Bratenau opined that the claimant would be off task for 10% of the day and would miss two days of work per month due to her conditions. Dr. Bratenau opined that the claimant could sit for more than two hours at a time; stand for an hour at a time; sit for about four hours of an eight-hour workday; and stand or walk for less than two hours of an eight-hour workday. Next, Dr. Bratenau opined the claimant could rarely lift less than ten pounds; occasionally climb, balance, kneel, and crawl; and never stoop or kneel. Dr. Bratenau did not list the medical findings that supported this. Dr. Bratenau stated the claimant could perform activities like shopping; travel without a companion for assistance; walk a block at a reasonable pace on rough or uneven surfaces; climb a few steps at a reasonable pace with the single use of a hand rail; use standard public transportation; prepare a simple meal and feed herself; care for personal hygiene; and sort, handle and use paper files. Finally, Dr. Bratenau indicated the limitations he found have not lasted and will not last twelve consecutive months. The opinion of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary. A treating physician's medical opinion on the issue of the nature and severity of an impairment is entitled to special significance and, when supported by the medical evidence of record, is entitled to controlling weight. The undersigned gives these opinions limited weight. First, Dr. Bratenau did not believe the limitations he had listed had or would last twelve consecutive months. Next, the limitations are not supported by the medical record as detailed above. The claimant had generally unremarkable physical examinations and responses to conservative treatment. The findings are also internally inconsistent with the activities Dr. Bratenau opined the claimant could perform.

(Tr. at PageID #153–54, ECF No. 12.)

In light of this assessment, Judge Greenberg found that the ALJ properly gave Dr. Bratenau's opinion "little weight" because Dr. Bratenau left blank the section of the opinion form which required him to identify the particular medical or clinical findings that supported his assessment (*see id.* at PageID #642); Dr. Bratenau indicated that his findings were limited to a period of less than twelve months (which suggested that Plaintiff's condition had previously been better, and would improve); and there was conflicting evidence in the record concerning Plaintiff's condition. (R & R at PageID #756–58.) The Magistrate Judge also found that even if the ALJ gave controlling weight to Dr. Bratenau's opinion, the opinion could not, alone, be the basis for a finding of disability because the opinion concluded that Plaintiff's limitations had not lasted and would not last twelve consecutive months. (*Id.* at PageID #756.) Thus, the Magistrate Judge found that the ALJ properly considered other medical record evidence, which showed that physical therapy and Motrin were effectively controlling Plaintiff's pain and increasing her mobility. (*Id.* at PageID #756–57.)

On May 8, 2020, Plaintiff filed her Objection to the R & R. (ECF No. 18.) She urges the court to reject the Magistrate Judge's R & R because despite Dr. Bratenau's opinion that her limitations had not lasted and would not last twelve consecutive months, there was no subsequent documentation indicating that her condition later improved. (Opp'n at PageID #761, ECF No. 18.) Plaintiff contends that Dr. Bratenau's opinion that her limitations were temporary in nature was speculative. (*Id.*) She further argues that the Commissioner provided no evidence showing that her condition did not last for 12 consecutive months. (*Id.*) On May 22, 2020, the Commissioner filed a Response to Plaintiff's Objection. (ECF No. 19.) The Commissioner maintains that the Magistrate Judge correctly applied the pertinent law and found that the ALJ's decision is supported by

substantial evidence. (*Id.* at PageID #763.) As a result, the Commissioner requests the court to affirm the ALJ's decision. (*Id.*) This matter is now ripe for review.

As an initial matter, the court finds that Plaintiff's argument is flawed because it incorrectly suggests that the Commissioner was required to produce evidence showing that her limitations did not last for 12 consecutive months. (Opp'n at PageID #761.) This argument essentially shifts the burden to establish an entitlement to disability on the Commissioner. But the law makes clear that in order to be entitled to disability benefits, the *claimant* must establish a continuous twelve-month period of disability. *See Mullis v. Bowen*, 861 F.2d 991, 994 (6th Cir. 1988); *see also* 20 C.F.R. §§ 404.130, 404.315 and 404.1505(a). And, as the Magistrate Judge pointed out, none of Plaintiff's medical records established a continuous twelve-month period of disability. (R & R at PageID #757.) To the contrary, Dr. Bratenau specially opined that Plaintiff's limitations had not lasted and would not last for twelve consecutive months. (Tr. at PageID #153, ECF No. 12.) Thus, as the Magistrate Judge indicated, there was no support for extending the limitations that Dr. Bratenau described as temporary for a longer period. (R & R at PageID #757.)

Further, consistent with the applicable law, the ALJ articulated specific reasons for discounting Dr. Bratenau's opinion. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting Soc. Sec. Ruling 96-2p, 1996 SSR LEXIS 9 at * 5) (If the ALJ determines a treating source opinion is not entitled to controlling weight, "the ALJ must provide 'good reasons' for discounting [the opinion], reasons that are 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'"). As noted above, the ALJ gave Dr. Bratenau's opinion limited weight because (1) Dr. Bratenau did not believe the limitations he listed had lasted or would last twelve consecutive

months, (2) the limitations were not supported by the medical record, and (3) Dr. Bratenau's findings were internally inconsistent with the activities that he opined Plaintiff could perform. (Tr. at PageID #154, ECF No. 12.) As a result, this court must give deference to the ALJ's determination. *See Buxton v. Halter*, 246 F.3d 762, 772–73 (6th Cir. 2001).

The court finds, after careful *de novo* review of the R & R and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own Judge Greenberg's Report and Recommendation (ECF No. 17). The court hereby affirms the Commissioner's final decision.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

May 28, 2020